WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Quintin Melendez,<br>Petitioner,<br>v.<br>Charles Ryan, et al.,<br>Respondents. | No. CV-17-4293-PHX-JJT (DMF)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:

David Quintin Melendez filed a Petition for Writ of Habeas Corpus ("Petition") in this Court challenging his convictions and sentences in Maricopa County Superior Court. Melendez alleges he received ineffective assistance of trial counsel during plea negotiations. (Doc. 1) A response and a reply have been filed (Docs. 14, 17), and the matter is ripe for decision. As described below, the undersigned recommends that Melendez's Petition should be denied and dismissed with prejudice.

**Background**

In April 2012, Melendez was indicted in Maricopa County Superior Court for one count of aggravated assault and one count of misconduct involving weapons. (Doc. 14, Ex. A) In June 2012, the State filed an allegation of historical priors and an allegation of prior felony convictions; both allegations involved convictions from Florida. (Doc. 14, Exs. B, D) There had been a pre-indictment settlement conference that produced no plea

offer because Melendez had refused an offer at an even earlier point. (Doc. 14, Ex. NN) At the settlement conference, Melendez expressed no intention to plead guilty. (*Id.*)

In August 2012, at the Final Pretrial Conference, the trial judge asked why Petitioner had not been offered a plea agreement. (Doc. 14, Ex. OO) During discussions that followed on the record with the trial judge, Melendez indicated that he "would consider taking the three and a half [3.5 years which was offered and rejected by Melendez before the settlement conference] just to spare everybody from going to trial or whatnot." (*Id.*) Following the conversation at the Final Pretrial Conference, the prosecutor emailed Melendez's counsel with offer for a sentence of 5 to 7.5 years. (Doc. 14, Ex. E) The prosecutor wrote that this offer "cuts 7.5 years off the top of the range." (*Id.*)

Melendez did not accept the State's offer, and the case proceeded to trial in September 2012. (Doc. 14, Ex. F) At the conclusion of a six-day trial, the jury found Melendez guilty and also found one aggravating factor. (Doc. 14, Exs. F, G) Subsequently, the prosecutor emailed Melendez's counsel and informed him that the State intended to argue that Melendez's Florida convictions were dangerous. (Doc. 14, Ex. H) If the Florida convictions were dangerous under Arizona law, the sentencing range Melendez faced would be higher than counsel had discussed with each other during plea negotiations. (Doc. 14, Ex. I) The prosecutor acknowledged that he only recently had researched the priors; the prosecutor also acknowledged that he and defense counsel had not previously discussed the Florida priors being dangerous under Arizona law. (Doc. 14, Ex. H) Melendez, through counsel, moved to strike the priors because the State had previously indicated that it would not seek to show that the priors were dangerous. (Doc. 14, Exs. I, ZZ at 38-39) The Superior Court did not strike the priors and sentenced Melendez to concurrent, aggravated terms of 12.5 years for the aggravated assault charge and 4.5 years for the misconduct involving weapons charge, resulting in a total, effective prison sentence of 12.5 years. (Doc. 14, Ex. J)

Melendez timely appealed and argued the Superior Court should have severed the two counts and also that the Superior Court imposed unlawful sentences. (Doc. 14, Exs.

K, L) At the conclusion of briefing, the Arizona Court of Appeals affirmed Melendez's convictions and sentences. (Doc. 14, Exs. M, N, O) The Arizona Supreme Court denied review of his petition. (Doc. 14, Exs. P, Q, R)

Melendez then timely initiated post-conviction relief and the Superior Court appointed him counsel. (Doc. 14, Exs. S, T) In his post-conviction petition, Melendez argued that he received ineffective assistance of counsel because his trial counsel had misrepresented the sentence he was facing. (Doc. 14, Ex. U) Melendez filed an affidavit from his trial counsel with his Petition that acknowledged error insofar as advising Melendez during plea negotiations that "if convicted at trial the most he faced was 5-15 years dangerous since it appeared as through [sic] the State did not seek to prove the prior conviction as a dangerous offense. Had I realized the State sought to prove the prior as a dangerous prior, I would have advised him that he faced a repetitive dangerous sentencing range." (Doc. 14, Ex. X ¶6) Similarly, in Melendez's affidavit, he swore that defense counsel "advised that the State could not use my priors against me for sentencing enhancement purposes because they were non-dangerous offenses and the most I could receive if convicted at trial was 5-15 years." (Doc. 14, Ex. W ¶5)

At the conclusion of briefing, the Superior Court conducted an evidentiary hearing where Melendez and his trial counsel both testified. (Doc. 14, Exs. Y, Z, AA, BB) The Superior Court denied Melendez's Petition on the record. (Doc. 14, Exs. BB, ZZ)

Melendez timely initiated appellate review. (Doc. 14, Ex. CC) The Arizona Court of Appeals ordered the Superior Court to supplement the record and then remanded the matter so the Superior Court could make specific findings of fact and conclusions of law. (Doc. 14, Exs. DD, EE) The Superior Court ordered the parties to submit proposed findings and conclusions and then adopted the proposed findings and conclusions submitted by the State. (Doc. 14, Exs. FF, GG, HH, II, JJ, KK)

On further review, the Arizona Court of Appeals summarized the Superior Court's evidentiary hearing and subsequent ruling as follows:

> At the hearing, Melendez's trial lawyer testified that the State offered an agreement by which Melendez would plead guilty

to a Class 3 dangerous felony, with a stipulated sentence of between five and seven and a half years. The lawyer conceded he mistakenly advised Melendez that he might receive the same sentence after trial; in reality, a conviction on a dangerous Class 3 felony with a prior dangerous offense conviction would subject a defendant to a sentence of twice that term, according to the lawyer. The lawyer also testified, however, that he told Melendez that if the State were to allege a prior dangerous conviction, he might be sentenced to as long as 15 years after a trial. He flatly denied telling Melendez that if he rejected the plea offer and were to be convicted, he would receive the same sentence as in the plea offer. Further, he testified that Melendez never told him that he would be willing to accept a plea that would result in a sentence of more than five years in prison.

During the hearing, Melendez's trial counsel was cross-examined about a declaration he signed in support of Melendez's petition for post-conviction relief. In that declaration, the lawyer stated that Melendez rejected the 7.5–year offer "based on the erroneous belief that he could receive the same sentence if he proceeded to trial." In the declaration, the lawyer stated that documents he received in response to discovery requests revealed that Melendez's prior armed-robbery felony constituted a dangerous felony. He further stated, "Unfortunately, and to Melendez' detriment, I discussed plea negotiations with Melendez based on my impression that his Florida prior could be a non-dangerous offense, dangerous offense, or multiple offenses." He elaborated: "During plea negotiations, I conveyed to Melendez that if convicted at trial the most he faced was 5–15 years dangerous since it appeared as through [sic] the State did not seek to prove the prior conviction as a dangerous offense."

Melendez conceded at the hearing that, at a prior settlement conference, the judge had outlined for him the various sentencing ranges he faced at trial, telling him that he could be sentenced to as long as 15 years in prison. Nevertheless, Melendez testified that in advising him about the plea offer, his trial counsel told him that he would face a sentence of no more than 7.5 years after a trial; Melendez denied that his lawyer told him he could be sentenced to as long as 15 years.

In dismissing Melendez's petition for post-conviction relief, the superior court found Melendez's trial counsel more credible than Melendez. Indeed, the court found Melendez's testimony "totally incredible." The court also found that Melendez would not have accepted the plea offer even if his lawyer had not misspoken about the low range of a possible sentence. The court ruled that Melendez failed to show that his trial counsel performed below the prevailing standard of reasonableness or, if his lawyer did perform unreasonably, that he was thereby prejudiced.

. . .

*State v. Melendez*, 2017 WL 4782189, at *2, ¶¶ 7-10 (Ariz. App., 2017); s*ee* Doc. 14, Ex. LL. The Court of Appeals concluded that "the superior court did not abuse its discretion in finding Melendez's trial counsel more credible than Melendez, and based on that determination, in dismissing Melendez's petition." *Id*. As a result, the Court of Appeals granted review but denied relief. *Id*. Melendez did not move for reconsideration or petition for review. (Doc. 14, Exs. MM, AAA)

**Habeas Petition**

Melendez timely initiated habeas proceedings in this Court and argues, as he did in his post-conviction proceedings, that he received ineffective assistance of trial counsel during his plea negotiations due to erroneous advice from defense counsel regarding his sentencing range if convicted after trial. (Doc. 1, 17) In his Petition, Melendez writes that "counsel was erroneous in believing that this would constitute my first dangerous offense with a range of 5 [minimum years in prison]- 7 ½ [presumptive years in prison] - 15 years [maximum years in prison], when in fact I was facing a sentencing range as a repetitive dangerous offender with a range of 10 [minimum years in prison] - 11.5 [presumptive years in prison] - 20 years [maximum years in prison]." (Doc. 1 at 6) Respondents contend that Melendez cannot show that his trial counsel was objectively deficient or caused him prejudice and, thus, he is not entitled to relief. (Doc. 14)

**Standard of Review**

On habeas review, this Court can only grant relief if the petitioner demonstrates prejudice because the adjudication of a claim either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d). This is a "'highly deferential standard for evaluating state-court rulings' which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).

With respect to § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). A "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). As the Ninth Circuit has explained, to find that a factual determination is unreasonable under § 2254(d)(2), the court must be "convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004), *abrogated on other grounds by Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014). "This is a daunting standard—one that will be satisfied in relatively few cases." *Id.*

The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." § 2254(e)(1). The Supreme Court has not defined the precise relationship between § 2254(d)(2) and § 2254(e)(1), but has clarified "that a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *See Burt v. Titlow*, 571 U.S. 12, 18 (2013) (citing *Wood*, 558 U.S. at 293, 301).

### Ineffective Assistance of Counsel

Under clearly established Federal law on ineffective assistance of counsel, Melendez needs to show that his trial counsel's performance was both (a) objectively deficient and (b) caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This results in a "doubly deferential" review of counsel's performance. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). A habeas court reviewing a claim of ineffective assistance of counsel must determine "whether there is a reasonable argument that counsel satisfied *Strickland*'s deferential standard, such that the state court's rejection of the IAC claim was not an unreasonable application of *Strickland*. Relief is warranted only if no reasonable jurist could disagree that the state court erred." *Murray v. Schriro*, 746 F.3d

418, 465-66 (9th Cir. 2014) (internal citations and quotations omitted). The Court has discretion to determine which *Strickland* prong to analyze first. *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998).

Melendez received objectively deficient representation if his counsel "'fell below an objective standard of reasonableness' such that it was outside 'the range of competence demanded of attorneys in criminal cases.'" *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687). '[A] defendant has the right to make a reasonably informed decision whether to accept a plea offer." *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (*quoting United States v. Day*, 969 F.2d 39, 43 (3rd Cir.1992)). In the context of rejecting a plea offer, the question is "not whether 'counsel's advice [was] right or wrong, but ... whether that advice was within the range of competence demanded of attorneys in criminal cases." *Turner*, 281 F. 3d at 880 (*quoting McMann v. Richardson*, 397 U.S. 759, 771 (1970). Counsel's ineffectiveness results from "gross error," not a failure to "accurately predict what the jury or court might find." *Turner*, 281 F. 3d at 881. *Cf. U.S. v. Garcia*, 909 F.2d 1346, 1348 (9th Cir. 1990) ("it is well established that an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea").

To demonstrate prejudice, Melendez "must show that there [wa]s a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "In the context of pleas, a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). When applying these standards to a claim that ineffective assistance led to the improvident rejection of a guilty plea, the petitioner must show "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and

that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. at 164.

**Analysis**

Melendez alleges that he is entitled to habeas relief because he relied on his counsel's advice during plea negotiations and, after he stood trial, his sentencing range was higher than counsel had previously advised. (Docs. 1, 17). *Lafler v. Cooper*, 566 U.S. 156 (2012) (the Sixth Amendment requires effective assistance of counsel during plea negotiations), *but see Buenrostro v. U.S.*, 697 F.3d 1137 (9th Cir. 2012) (*Lafler* did not decide a new rule of constitutional law).

The Superior Court found Melendez's trial counsel's post-conviction hearing testimony credible, and the Court of Appeals upheld that determination. Melendez's trial counsel testified that during plea negotiations, he told Melendez that he likely faced 5 to 15 years when Melendez actually faced 10 to 20 years based on the sentencing court's later finding that the Florida priors were dangerous. In his affidavit in support of his state court post-conviction petition as well as his habeas petition, Melendez also states that he was advised by his counsel that his sentencing range was 5 to 15 years. (Ex. W; Doc. 1 at 6). The factual determination that Melendez was advised during plea negotiations that he was facing 5 to 15 years prison is reasonable (indeed, is undisputed) and is supported by the record. Also reasonable and supported by the record is the Court of Appeals' adoption of the finding that Melendez would not have accepted the plea offer even if his lawyer had not misspoken about the low range of a possible sentence. Melendez has not shown, and the record does not support, that Melendez would have accepted the state's earlier plea offer of 5 to 7.5 years even if defense counsel had advised of the 10 to 20 rather than 5 to 15 year likely sentencing range.

Although during plea negotiations defense counsel may have provided Melendez an inaccurate prediction as to Melendez's ultimate post-conviction sentencing range, defense counsel's prediction did encompass Melendez's ultimate sentence of 12.5 years.

Melendez cannot show prejudice.

The record reflects that Melendez's counsel gave him sentencing range advice during plea negotiations based on how the prosecutor was viewing Melendez's priors during plea negotiations and at trial. It was not until after trial that the prosecutor further researched Melendez's priors and decided to proceed on Melendez's Florida priors as dangerous. Counsel's advice during plea negotiations was not "gross error." *Turner*, 281 F.3d at 881. On this record, the Arizona Court of Appeals' decision that Melendez' trial counsel did not perform below the prevailing standard was not contrary to and did not involve an unreasonable application of clearly established Federal law.

Accordingly, Melendez is not entitled to habeas relief on his one claim, ineffective assistance of counsel.

**IT IS THEREFORE RECOMMENDED** that David Quintin Melendez's Petition for Writ of Habeas Corpus (Doc. 1) be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability should be denied and leave to proceed in forma pauperis on appeal be **denied** because Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and jurists of reason would not find the Court's assessment of Petitioner's constitutional claims "debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to

any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 30th day of November, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge