# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Quintin Melendez,<br>Petitioner,<br>v.<br>Charles Ryan, *et al.*,<br>Respondents. | No. CV-17-04293-PHX-JJT (DMF)<br>**ORDER** |

At issue is the Report and Recommendation ("R&R") (Doc. 21) submitted by United States Magistrate Judge Deborah M. Fine, recommending that the Court deny and dismiss the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner filed Objections to the R&R (Doc. 22) and then a Supplement to those Objections (Doc. 24) which was untimely, but the Court exercised its discretion to consider the supplemental filing nonetheless. Respondents filed a Reply to the Objections (Doc. 25.) The Court will deny and Dismiss the Petition on the merits.

In the R&R, Judge Fine recommends the Court dismiss the Petition, which raises the single ground of ineffective assistance of trial counsel for giving Petitioner erroneous advice during plea negotiations as to his likely length of sentence if convicted at trial. The state prosecutor conveyed to Petitioner a plea offer for a sentence of five to seven and a half years. Trial counsel advised Petitioner that his likely sentencing range after conviction at trial was five to fifteen years, with a presumptive sentence of seven and a half years. But because the prosecutor ultimately would seek an enhancement for prior convictions from

another state, the actual likely sentencing range was ten to twenty years. The R&R concludes, correctly, that Petitioner did not demonstrate ineffective assistance of counsel because he did not show he would have accepted the plea offer had he been aware of the ten to twenty year likely range, rather than the five to fifteen year range. Judge Fine correctly concluded that the state courts properly made a credibility determination that did not favor Petitioner.

The core of Petitioner's argument in his Objection is that the R&R overlooked the actual fault in counsel's advice. According to Petitioner, the fault was in advising him there was no advantage to taking the plea offer because Petitioner was likely to receive the same sentence after conviction at trial as the government was offering him in the plea agreement. This argument fails. The fault analyzed by Judge Fine is in fact the same fault of which Petitioner now complains: however framed, it is an inaccurate prediction by trial counsel regarding a potential sentence. And a mere inaccurate prediction regarding the potential sentence is insufficient to establish ineffective assistance of counsel. *Sophanthavong v. Palmateer*, 378 F.3d 859, 868 (9th Cir. 2004). Judge Fine identified and correctly analyzed the argued error at issue no matter how Petitioner would like to frame that error.

IT IS ORDERED adopting in full the R&R in this matter. (Doc. 21.)

IT IS FURTHER ORDERED denying and dismissing with prejudice the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (Doc. 1.)

IT IS FURTHER ORDERED denying a Certificate of Appealability or leave to proceed *in forma pauperis* on appeal. The Court finds Petitioner has not made a substantial showing of the denial of a Constitutional right, and that jurists of reason would not find the Court's assessment of Petitioner's claims debatable or wrong.

IT IS FURTHER ORDERED directing the Clerk of Court to terminate this matter.

Dated this 13th day of February, 2019.

Honorable John J. Tuchi
United States District Judge